Fourth Court of Appeals
San Antonio, Texas
February 12, 2015
NO. 04-15-00039-CU

Tracevell Murphil, Appellant

V

D'Ann Mayfield et al Appellees
Trial Court NO. 10-07-00123-CU

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO
2015 FEB 23 AM 11:47

Appellants requesting a court
order to Beto One Property room
officer Sherri' St. Pe TO release case files

Appellant files his motion requesting a court ordering
Beto One Property room officer Sherri' St. Pe to release All
case files pertaining to this suit and others herein
along with other properties of notes, Draft, motions
responses religious and Personal Properties.

On October 22nd, 2014 Appellant was Transferred to
Beto One unit in Tennessee Colony, Texas for Physical-
Therapy on his right shoulder and right knee. Before this
Transfer Appellant had not received no notice of
Proceeding or Judgment by the Karnes court District
Judge or Clerk informing him that his cases had
been dismissed. if he had he would have challenged
each suit in All remedies available.

On November 24, 2014 Appellant Personal and Legal
Property arrived At the Beto One Property room and he
was notified by Beto One Property room officer Sherrie
St. Pe, Upon review november 24, 2014 St Pe Confiscate
All Property while [ writing on Prop-08 form and checking
improperly stored — unable to store ] that two ipd chain bags
of Misc papers. After submitting for a Legal storage
Container for his Legal Property, It was delayed due
to Appellants on an off medical Chain Properties For
surgery on his right knee.

On January 5, 2015 the Beto One unit Law Library
Supervisor John Becreft conducted a review for

a legal storage container, Appellant learned on this date that three of his suit(s) was dismissed without notifying him of the proceedings or judgments, As stated in each Affidavit in: Murphy v. Mayfield No. 10-07-00123-CV- Appeal No. 04-15-00039-CV, Murphy v. Schendel No. 09-09-00128-CVK, and Murphy v. Shortner No. 09-05-0071-CVK. After learning this Becreft contacted the Karnes County District Clerk inquiring of the dismissals for Appellant It was noted then that the Clerk never indicated the actual date each notice of Judgment was sent out or if it had been sent out to the Parties. Appellant desires is to Appeal each case and challenge the Trial Court's erroneous Judgment, Appellant was never notified by the Parties Attorney of the office of the Attorney Generals, this alone is a foul Play in each case.

2) If the Court refuse Appellant an obtained Appeal his Personal and Legal Properties would be destroyed by Beto Unit Propertyroom officer St.Re because of an official mistake or unmitted with any fault or negligence by the Appellant. If his Property specifically Personal religious and Legal documents generated from a pending suit here and if these documents would be destroyed as a result, in the alternative if the Court refuse to order release of Property, Appellant Alleges that under Grievance No. 2015052680, Appellant would be in T.D.CJ disposition to destroy his Personal, religious and Legal documents. furthermore destroying Legal documents by St.Re action will constitute negligence and Gross negligence under state law. destroying documents related to litigation against Prison and A District Clerk, Therefore, arguably may be construed to include an access to courts Claim. To sustain a constitutional Claim for denial of access to the courts, Appellant must show "actual injury" to a legal Claim by demonstrating that his Position as a Litigant has been Prejudiced by the defendants actions. McDonald v. Steward, 132 F.3d 225, 230-31 (5th cir. 1998). See Lewis v. Casey, 518 U.S. 343, 349-51, 116 S.Ct. 2174, 2179-80 (1996). Appellant has a specific constitutional right of access to court that is adequate effective and meaningful. See Bounds v. Smith, 430

U.S. 817, 822 (1977); Thomas v. Brown, 927 SW 2d 122, 125 (Tex App-Houston [14th Dist] 1996, writ denied). There is evidence in the record from which Appellant has construed that all of Appellant's litigation has been jeopardized by the confiscated legal documents that he has pending before the court, without these documents he wouldn't be able to Appeal or file motions for Bill of review, motion for new trial.

Therefore, Appellant request that it orders Warden Stuart Calhoun of the Beto one Unit to order Property-room officer Sherrie St. Pe to release the confiscated Property and Permit him to revise for Legal storage container for the impending Appeals in the two chain bags within her office immediately.

Respectfully submitted

*Tracey W Murphy*

Appellant    Pro se

Tracey W. Murphy #836047
Beto one unit
1391 Fim, 3328
Tennessee Colony, Texas 75880

## Certificate of service

I, Tracey W. Murphy No. 836047, certify that a true and correct copy of the foregoing Appellant's requesting a court order to Beto one Propertyroom officer Sherrie St. Pe to release case files has been ~~true~~ served by Placing in the prison indigent mail system on this 12th day of February 2015, addressed to:

Keith E. Hottle
Clerk of Court
Fourth Court of Appeals District
Cadena-Reeves Justice Center
300 Dolorosa, Suite 3200
San Antonio, Texas 78205-3037.

*Tracey W Murphy*

Appellant    Pro se

3